## W. M. JOHNSON V. JAMES LAUGHLIN.

1. ATTACHMENT—*Motion to dissolve—Affidavits.* Where a defendant files affidavits in support of his motion to dissolve an order of attachment, it is not error to permit the plaintiff to file affidavits in support of, and tending to establish the truth of the grounds upon which such order of attachment was issued.

2. AFFIDAVIT—*Not a Pleading.* An affidavit made to procure an order of attachment is not a "pleading;" and section 114, civil code, which requires the agent or attorney in certain cases to state in his affidavit verifying a pleading "why such verification is not made by the party himself," has no application to an affidavit made to obtain an order of attachment.

3. ATTACHMENT—*Fraudulent transfer or assignment of property.* Where a party has assigned any portion of his property for the purpose of defrauding his creditors, such act will sustain an order of attachment issued against him on such grounds.

4. DEFAULT—*Leave to answer on terms.* Where in an action for money due upon an express contract, a defendant who is in default for want of an answer makes application for leave to file an answer which states that "the defendant is not indebted to said plaintiff in any sum whatever," and neither shows nor offers to show any excuse for his laches, it is not error for the court to refuse leave to file such answer "unless the defendant should verify the same as true."

*Error from Labelle District Court.*

LAUGHLIN sued *Johnson* to recover the amount of a certificate of deposit issued by *Johnson,* as a banker, October 9th, 1869. The action was commenced May 23, 1870; the answer-day was June 30th, and the case was tried July 13th, 1870. There are *five* assignments of error, arising as follows:

1. At the commencement of the suit the plaintiff's attorney, J. D. McCue, made affidavit for an order of attachment, alleging, as grounds therefor, that "the said *Johnson* has assigned his property or a part therof with

intent to hinder and delay his creditors." The order was issued and property attached. *Johnson* moved to dissolve the order of attachment, which motion was heard before the district court at the July Term, 1870. In support of his motion *Johnson* filed his own affidavit and that of his attorney, Nelson Case, in which it was averred that *Johnson*, on the 21st of April, 1870, had assigned all his property, real and personal, not exempt from execution, to said Case in trust for the benefit of all his (Johnson's) creditors according to the provisions of ch. 6, Gen. Stat., p. 94; but the affidavits did not bring the assignment-deed itself before the court. *Johnson* denied making any other assignment or transfer of any of his property. To support his attachment *Laughlin* asked and obtained leave to file additional affidavits, one of which, that of David Kelso, set forth *a copy* of the " assignment " mentioned in the affidavits of Johnson and Case. (From this assignment it appeared that *Johnson* had assigned " all his property, real and personal, not exempt," etc., but there was no *inventory* of the personal estate, nor any *description* of the real estate intended to be transferred to the assignee.) To the order granting leave to file such additional affidavits, *Johnson* excepted, and this is the *first* assignment of error.

2. *Johnson* moved to suppress the affidavit of McCue, on which the order of attachment was issued, " because the said affidavit was made by an *attorney* and not by the *plaintiff*, and said attorney does not state therein why said affidavit is made by him, and not by the plaintiff in the case." The court overruled this motion, and *Johnson* excepted.

3. Several additional affidavits having been filed showing that *Johnson*, immediately before the execution of his said assignment to Case, had sold and conveyed certain

real property, and assigned and transferred certain county warrants and bills of exchange, the motion to dissolve the order of attachment was, on final hearing, overruled and denied, and defendant excepted.

4. On the same day, July 13th, the case was called for hearing, whereupon *Johnson* filed an " affidavit of merits," in which he stated that he had, " since the 4th of July, 1870, employed M. S. A., an attorney, etc., residing at the city of Leavenworth, as his counsel in this case ; that he had made a full statement of the facts in this case to his said counsel, and that he has a good and valid defense to the action, as he is advised by his said counsel after such statement as aforesaid, and as he believes to be true." And thereupon said *Johnson* presented to the court an answer entitled in said action, and which stated that " the defendant (*Johnson*) for answer to the petition of the said plaintiff says that he is not indebted to said plaintiff in any sum whatever," and asked leave to file said answer, " which application was by the court denied, *unless such answer be verified as true* "—to which denial defendant excepted.

5. The defendant declined to verify his proposed answer; and the record shows that, thereupon, " the said defendant being in default for want of an answer, and it appearing that there is due to the plaintiff from the defendant upon the matters set forth in the petition the sum of $731.50," etc., judgment was given in favor of the plaintiff, to which defendant excepted.

*Johnson*, defendant below, brings the case to this court for review.

*Nelson Case*, for plaintiff in error :

1. The court erred in overruling the motion to vacate and dissolve the order of attachment. It was claimed

that the assignment for the benefit of creditors was void because there was no inventory, and no description of property; and also because it authorized the assignee to make certain disposition of the assigned property.

An assignment deed is not fraudulent upon the ground that it contains a provision authorizing the trustee to sell the property at private or at public sale, and for cash or upon credit. *Hoffman v. Marshall,* 5 Ohio St., 124; *Rogers v. DeFrost,* 7 Paige, 272; *Abercombie v. Bradford,* 16 Ala., 560; *Conkling v. Coonrod,* 6 Ohio St., 613; See also dissenting opinion of Brown, J., in *Burdock v. Post,* 12 Barb., 185; and Burrill on Assign'ts, 202.

2. The "inventory" need not be a part of nor filed with, the deed of assignment. It is to be filed in office of clerk of district court: Ch. 6, § 2, Gen. Stat., p. 94.

The assignee, by the spirit and policy of our law of assignment, is an officer of the court; and, as such, is under the supervision and direction of the court. If he neglect or refuse to file a full and true inventory or to give bond as required by law, the court may proceed at once to dismiss such assignee from his trust: *Swift v. Holdridge,* 10 Ohio, 230. Gen. Stat., p. 98, §§ 29, 30.

The property assigned cannot be sold until an order for the sale thereof shall have been made by the district court, or judge thereof in vacation, and then it may be sold for cash in hand, or upon such reasonable credits as shall appear to such court or judge to be most advantageous to all the parties in interest. Gen. Stat., p. 98, § 34.

3. A provision in an assignment-deed giving to the assignee in his discretion power to compound, compromise, and settle the claims assigned, does not vitiate the assignment. *Bellows v. Patridge,* 19 Barb., 176; *Conkling v. Coonrod,* 6 Ohio St., 613.

4. The court erred in permitting the plaintiff below to

file additional affidavits to sustain his attachment. The case should stand or fall upon the showing made in the first instance; and the defendant having denied all *fraudulent* assignment and transfer of his property, the order of attachment should have been vacated and dissolved.

*Bettis & Kelso*, for defendant in error:

1. Johnson complains because Kelso's affidavit was permitted to be filed. That affidavit merely attested the copy of the " assignment-deed " which Johnson and Case had referred to, and brought the same before the court. Plaintiff in error had challenged the attention of the court to such assignment, but had not presented it. Kelso's affidavit merely supplied the omission. If there was any error it was to the benefit of Johnson, and not to his injury, and he cannot be heard to complain. *Herbert v. Dumont*, 3 Ind., 346; *Hammit v. Coffin*, id., 205. A party cannot object to testimony which he has himself elicited; *Walker v. Stannis*, 3 G. Greene, 441.

2. It is evident from the second assignment of error that the counsel for plaintiff in error confounds an " affidavit for attachment" with the " pleading " referred to in § 114, civil code. An affidavit is not a pleading. *Boston v. Wright*, 3 Kas., 227.

3. The third assignment of error is: That the court erred in denying and overruling the motion to dissolve said order of attachment.

Where, upon a motion to dissolve and discharge an attachment, affidavits are read and oral evidence is submitted *tending* to prove all the facts necessary to sustain the attachment, and thereupon the court refuses to grant such motion, a reviewing court will not disturb such ruling. *Urquhart v. Smith*, 5 Kas., 447. In such case it

is not necessary for a reviewing court to say such decision was absolutely correct. It is sufficient that it does not appear that it was clearly erroneous.

The affidavit of Kelso discloses an assignment of property from Johnson to Case which is void upon its face, and is sufficient ground of attachment, as being made to hinder and delay or defraud creditors. Ch. 43, Gen. Stat. And this evidence is found upon the face of the assignment. The real property purporting to be conveyed is in no manner described. In all respects as a deed of real property an assignment must be acknowledged, certified and recorded: § 1, ch. 6, Gen. Stat. A deed to operate as notice, and to bind third parties must be recorded in *the county* wherein the real estate is situated: § 19, ch. 22, Gen. Stat. Deeds not so recorded, (which must include deeds of assignment,) are invalid and void as against creditors: § 21, ch. 22. As the assignment in question does not show in what *county* or *State*, the land attempted to be conveyed was situated in what county and State should it have been recorded to prevent its becoming invalid and void under said sec. 21?

The assignment contains no description or schedule of personal property. This is clearly an indication of a fraudulent intent. *Twyne's Case*, 3 Coke, 80. The omission of any description of property is of itself evidence of fraud: Burrill on Assignments, 262, *et seq.*

The assignee is required by § 2, ch. 6, Gen. Stat., to file a schedule of the property assigned in the office of the clerk of the district court within thirty days. How can he do this, if no description of the property assigned is contained in the deed of assignment, or in a schedule thereto annexed? He could only identify and ascertain the property by the assistance and information of the assignor; and if this were permitted after the execution of

the assignment, it would open a door (perhaps provided for and purposely left open by the assignor,) to retain and manipulate the property to the injury of creditors for the *thirty days* before filing an inventory in the clerk's office.

Conveyance of personal property without an actual and continued change of possession is held fraudulent and void by § 3, ch. 43, Gen. Stat. The court must presume that Johnson had property in his possession, as the attachment is against *him*, as he sought to dissolve it, and now seeks to reverse the order preserving the attachment lien; yet the assignment to Case, shown in Kelso's affidavit, was of *all his property.* This view of the case on the authorities above cited, make the assignment fraudulent as against creditors.

4. The fourth ground of error is, that the court erred in refusing to permit Johnson to file an answer to the petition unless the same should be verified as true, after said Johnson had filed "an affidavit of merits." To grant or refuse an application for leave to file a pleading after the time fixed for the filing of such pleading, is a matter resting in the sound discretion of the court; and in such a case a reviewing court will not interfere unless it be shown that such discretion has been abused. *Douglas v. Rhinehart,* 5 Kas., 392, 694. Was discretion abused in this case? The record shows not. Two weeks after an answer was due, when plaintiff moved for judgment, Johnson, as the record shows, without leave of court, filed something which the court below styles "a paper as and for an affidavit of merits," and then asks leave to file an answer, and the court granted leave upon the single condition that he would verify his answer *as being true.* That these terms should be rejected, argues conclusively that Johnson's answer was not true, and that he desired to raise a false issue in order to gain more time wherein

to plan to sustain his fraudulent assignment, made to hinder and delay his creditors.

The opinion of the court was delivered by

VALENTINE, J.: In this case there are five assignments of error; but as the plaintiff in error seems, from the brief filed by his counsel, to have abandoned all but the *third* assignment, we shall not consider the others. We may, however, in passing, say that we do not consider the other assignments as tenable.

In the court below, the defendant in error, James Laughlin, was plaintiff, and the plaintiff in error, W. M. Johnson, was defendant. An attachment was issued in the case against the property of the defendant below on the grounds, as stated in the affidavit therefor, "that said Johnson has assigned his property, or a part thereof, with the intent to defraud, hinder, and delay his creditors, and that said defendant has property and rights in action which he conceals." The defendant filed an affidavit denying these grounds, and moved the court to dissolve the attachment. Whether these grounds were true or not seems to have been the sole question before the court below. The motion was heard on affidavits. No oral evidence was introduced. The court overruled the motion to dissolve the attachment, and this ruling the defendant below claims was erroneous. We think the evidence, taking the whole of it together, was sufficient to sustain the order of the court below overruling said motion. The said Johnson executed an instrument in writing, which purported to convey all his property to Nelson Case for the benefit of his (Johnson's) creditors. There was some evidence on the face of this instrument tending to show that it was executed for the purpose of

defrauding Johnson's creditors, but probably not enough to prove said fact, or to render the instrument void for that reason. There was also evidence *aliunde* which tended to show that said assignment was fraudulent and void. And there was certainly sufficient evidence to show that at least one of the sales made by Johnson, just prior to the said assignment, was made for the purpose of defrauding his creditors. This last evidence was sufficient to sustain the attachment. If a party assign any portion of his property for the purpose of defrauding his creditors, that is sufficient to sustain an order of attachment.

The order of the court below is affirmed.

All the Justices concurring.