### McLAUGHLIN v. McCANN et al.

(Supreme Court, Appellate Division, Second Department. December 23, 1907.)

1. PROCESS—ORDER FOR PUBLICATION—NECESSARY PROOF.

An order directing service of summons on a defendant by publication, which Code Civ. Proc. § 438, authorizes where the defendant is not a resident of the state, or where, after diligent inquiry, he remains unknown to plaintiff, or plaintiff is unable to ascertain whether he is or is not a resident of the state, and which the following section provides must be founded on proof by affidavit of the facts required by such section, and, where the application is made on the ground that defendant is not a resident of the state, that plaintiff has been and will be unable, with due diligence, to make personal service of the summons, is not warranted as to two defendants, O. and M., where the affidavit of plaintiff, after stating that none of the defendants are residents of the state, says: "Said defendants O. and M. * * * I suppose reside out of the state; * * * but I cannot ascertain after diligent inquiry where either of them resides at present. The said O. is a sailor and has no fixed place of abode"— and that plaintiff "will be unable with due diligence to make personal service" on them; the final statements as to their residence superseding the first, that none of defendants are residents of the state, and the statements that plaintiff will be unable with due diligence to make personal service on them, and that she cannot ascertain after due diligence where they reside, being mere conclusions of fact, which cannot be considered, and no facts constituting proof being stated.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Process, §§ 114–118.]

2. SAME.

An order for service of a summons by publication is authorized on an affidavit of plaintiff stating that the last she knew of the defendant she resided in the state of Washington; the presumption of continuance of residence obtaining, and the great distance of that state warranting a finding that defendant cannot be served in New York with due diligence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Process, §§ 114–118.]

Appeal from Special Term, Kings County.

Action by Rose McLaughlin against Henry McCann and others. From an order denying a motion of Daniel F. S. Connell, a purchaser at partition sale, to sustain his objection to the title and relieve him from completing his purchase of the referee, said Connell appeals. Reversed.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Edward T. Horwill, for appellant.
Henry Melville, for respondent.

GAYNOR, J. The affidavit of the plaintiff on which the order for service by publication was obtained, after stating that none of the 23 defendants, excepting a few of them who are specified, "are residents of the state of New York, or at present within the state," states of one of the three of such non-resident defendants, service of summons upon whom is now in question, as follows:

"The last I knew of said defendant, Mary McGoldrick, she resided somewhere in what is now the state of Washington, but she has not been heard from for upwards of ten years, and I cannot, after diligent inquiry ascertain her present residence."

And of the two others as follows:

"The said defendants, Owen McLaughlin and 'Mary' McLaughlin, the name 'Mary' being fictitious, I suppose reside outside of the state of New York, but I cannot ascertain after diligent inquiry where either of them resides at present time. The said Owen McLaughlin is a sailor and has no fixed place of residence."

This final statement of these two, that she supposes they reside outside of the state of New York, but "cannot ascertain after diligent inquiry where either of them resides at present time," and that one of them, Owen, is a sailor, "and has no fixed place of residence," supersedes her prior statement that they are not residents of this state. Then follows the general statement, in the very words of section 438 of the Code of Civil Procedure, that she "will be unable with due diligence to make personal service of the summons" upon them. This, and the statement that she cannot ascertain after diligent inquiry where they reside, have to be dismissed at once as mere statements of conclusions of fact, and therefore not probative. It was not for her to state these conclusions at all, but to state facts which proved them, so that the judge could find and state them. An affidavit is not a pleading, in which allegations of conclusions of fact may be permissible; on the contrary, it is a statement of facts from which judicial conclusions may be drawn. The said section 438 requires "proof by affidavit" that each of the said defendants "is not a resident of the state"; or that "after diligent inquiry, the defendant remains unknown to the plaintiff, or the plaintiff is unable to ascertain whether the defendant is or is not a resident of the state," and "that the plaintiff has been or will be unable to make personal service of the summons." The mere statement of these things in the language of the statute is not proof of them, nor evidence, which is not always proof. They were conclusions

for the judge to find, not for the plaintiff to state. It was for her to state facts which would prove them, and thereby give the judge jurisdiction to find them. There is no statement of any fact of inquiry by the plaintiff to ascertain where either of these defendants resided. No fact is stated to show that she knew or ever knew them, or anything about them or their residence or whereabouts, or that they sometimes came or never came into the state, except that Owen is a sailor. If she had made inquiry, and stated all the facts ascertained by her, the judge might have been able to find therefrom that they were nonresidents of the state, or that the plaintiff was unable to ascertain whether they were residents or nonresidents, or, if the latter, the particular place of their residence; and also (as the statute requires even in the case of nonresident defendants) that she had been and would be unable with due diligence to make personal service on them within the state— which would be the case if they were not in the habit of coming into the state frequently. But without such proof the judge had no jurisdiction to so find. The plaintiff could not decide for herself what "due diligence" was, or that she had exercised it, or that personal service could not be obtained by the exercise of it. That was for the judge. Kennedy v. Lamb, 182 N. Y. 228, 74 N. E. 834, 108 Am. St. Rep. 800.

In respect of the other defendant, the affidavit stated the fact that she resided in the state of Washington about ten years ago. This, and the presumption of the continuance of residence, and not of change (Nixon v. Palmer, 10 Barb. 175), sufficed as proof to enable the judge to find that she was a resident of that state at the time the application was made to him—for a presumption of fact is evidence. And the great distance of that state from here was a fact which enabled the judge to find, without eking out too much, that she could not be served in this state with due diligence, any more than if she resided in Germany; for she could not visit here often, and the plaintiff is not required to await such coming an undue time. The case would be different if she resided in New Jersey, where she might be of the many thousands who come daily to New York city where they do business or work, and proof that she did not come to the state frequently would be necessary. Kennedy v. Lamb, supra.

The persistency with which such affidavits have so long continued to state in the language of the statute the conclusions which the statute requires the judge to find from proved facts before he may grant the order, instead of stating the specific facts from which such conclusions may follow and be found by the judge, is most remarkable in our learned profession, especially in view of the long line of litigation and the serious consequences to titles which it has caused.

The order should be reversed.

Order reversed, with $10 costs, and disbursements, and motion granted, with costs. All concur.