# CHARLESTON.

BURLEW HARDWARE COMPANY *v.* THE CITY OF SPENCER.

(C. C. 334)

Submitted April 21, 1925.   Decided April 28, 1925.

APPEAL AND ERROR—*Supreme Court of Appeals Cannot Review Ruling of Circuit Court on Certificate as to Sufficiency of Affidavit for Interpleader Filed by Defendant in Assumpsit.*

This Court has no jurisdiction to review the ruling of a circuit court, on certificate, under Sec. 1, Chap. 135, Code, upon the sufficiency of an affidavit for interpleader, under Sec. 1, Chap. 107, Code, filed by a defendant in an action of assumpsit.

(Appeal and Error, 3 C. J. § 934a [1926 Anno.]).

NOTE:   Parenthetical references by Editors, C. J.—Cyc.  Not part of syllabi.

Case Certified from Circuit Court, Roane County.

Action by the Burlew Hardware Company against the City of Spencer. After overruling plaintiff's objection to filing an affidavit for interpleader and overruling a demurrer thereto, the court certifies its action.

*Dismissed.*

*Harper & Baker,* for plaintiff.
*Grover F. Hedges,* for defendant.

WOODS, JUDGE:

The plaintiff instituted an action in assumpsit in the Circuit Court of Roane County against The City of Spencer. It sought to recover under an assignment from one Fosco, the balance due him from the city, under a contract for the construction of a sanitary sewer. The defendant filed in this action an affidavit, under section one, chapter one hundred seven, Code, setting up that divers third parties were interested or claimed the fund due Fosco under said contract, and asked that the court make an order requiring such third parties to appear and state the nature of their claims, etc. The plaintiff objected to the filing of said affidavit, which objection was overruled, and thereupon it demurred to said affidavit, which demurrer was likewise overruled by the court. The court's action was certified to this court under section one, chapter one hundred thirty-five, Code. Is it properly here? While the paper filed is denominated a "plea of interpleader," to serve the purpose under the statute, it must be treated as the affidavit required thereunder. An affidavit is not a pleading. 2 C. J. 318; *Kellogg* v. *Sutherland,* 38 Ind. 158; *Johnson* v. *Laughlin,* 7 Kan. 359; *Victor Boom Co.* v. *Peterson,* 29 Wash. 571. An affidavit is not a pleading, in which allegations of conclusions of fact may be permissible; on the contrary, it is a statement of fact from which judicial conclusions may be drawn. *McLaughlin* v. *McCann,* 107 N. Y. S. 762. The court looks to the affidavit to ascertain whether the facts appear that are essential to give the court jurisdiction to order the parties named in the affidavit to interplead. The plaintiff, of course, has the right to challenge the sufficiency of the affidavit by objection or motion to

quash, and the court's action thereon, is reviewable on appeal, not on certificate. *Jones* v. *Coal Co.* 82 W. Va. 506; *Sutherland* v. *Guthrie*, 82 W. Va. 419; *Adkins* v. *County Court*, 94 W. Va. 460. This statute (Code, chap. 107, sec. 1) extends the reach of the remedy at common law. Hogg's Eq. Pr., sec. 598. It does not, however, supersede the bill of interpleader in equity. *Pardee Lumber Co.* v. *Odell*, 78 W. Va. 159. While the statute is not mandatory, the court must exercise a judicial and not an arbitrary discretion in determining the right of the interpleader, and where the facts set out in the affidavit bring the case within the statute, the relief should be granted. *Schmidt Co.* v. *Pittsburg L. & T. Co.*, 256 Pa. 363. It does not lie where the third party claims under a different contract than that under which the plaintiff claims. 33 C. J. 465; *Cohen* v. *Cohen*, 71 N. Y. S. 481. Where interpleader, however, is proper as to some of the third parties, and not as to others, set out in the affidavit, the court will limit its order to the proper parties.

*Dismissed.*