SWIFT & CO., PACKERS, et al. v. COMPANIA TRANSMARITIMA COLOMBIANA, S. A., et al.

No. 2798.

United States District Court
D. Canal Zone, Balboa Division.

Sept. 20, 1948.

On Motion for Rehearing Nov. 5, 1948.

Judgment Affirmed May 30, 1949.

274

McGrath, Sheridan, & Thomas, William J. Sheridan, Jr., Deutsch, Kerrigan, & Stiles and Harry F. Stiles, Jr., all of New Orleans, La., for libelants.

Van Siclen & Ramirez and Charles E. Ramirez, all of Ancon, Canal Zone,· and Nelson, Healy & Baillie and Nicholas J. Healy, III, all of New York City, for respondents.

HANCOCK, District Judge.

This action in admiralty was filed March 7, 1948 upon a libel in personam accompanied by a prayer for foreign attachment.

The respondent Compania Transmaritima Colombiana was incorporated under the laws of the Republic of Colombia. As

such incorporated company it was the registered owner of two vessels; namely, The Cali and The Alacran, which registration was likewise in the Republic of Colombia.

On the 7th day of January, 1948, the above corporation received from one Luis A. Noba at Guayaquil, Ecuador, a certain quantity of bagged rice. Luis A. Noba, a resident and citizen of Colombia, contracted with the carrier that such rice be transported and delivered under an "order bill of lading" to the ports of Cienfuegos, Cuba, and Santiago de Cuba with notation on such bills of lading to notify Swift & Company of Habana, Cuba, and Industrial Commercial Casal, at Santiago de Cuba.

This rice was loaded on the vessel Cali, and on the 17th day of January, 1948, the vessel Cali was beached on the island of Grand Cayman resulting in the loss of the rice before reaching the ports of delivery.

The libelant Swift & Company is a corporation organized under the laws of the State of Nevada in the United States which, by reason of the place of its incorporation, is their place of residence. The other libelants are residents and citizens of the Republic of Cuba other than Luis A. Noba who is a citizen and resident of the Republic of Colombia.

The pleadings allege the delivery by Luis A. Noba, of the rice to the carrier for delivery; however, there is no allegation in pleadings setting forth how or by what manner the ownership of this rice in question passed from Noba to Swift & Company or to the other named libelants. The only allegation stated as to such claimed ownership is that they (libelants) became the owner of all the merchandise so shipped.

Under the above proceedings, a process in personam with clause of foreign attachment was issued March 7, 1948, and by the Marshal executing such process by serving Captain John Bowie, the Master of the vessel Caribe, and by taking into the Marshal's custody the steamer Caribe, her engines et cetera, and "also some gear, hoists, winches, etc., from the M/V Cali, part of the goods and chattels of the respondents."

On the following day, March 8, 1948, an amended and supplemental libel was filed by the same libelants causing the corporation, Compania Colombiana Del Caribe to be made a party respondent and charging that the respondent Compania Colombiana Del Caribe was on March 4, 1948 organized under the laws of the Republic of Colombia, and was organized by the directors, officers, and stockholders of the corporation Compania Transmaritima Colombiana without any substantial monies being paid into its treasury, and that the corporation Compania Colombiana Del Caribe is merely the creature or alter ego of the corporation Compania Transmaritima Colombiana and that the transfer of the steamship Alacran to the corporation Compania Colombiana Del Caribe was not a real or valid consideration and was wholly fictitious and an attempt to defraud the rights of the libelants; that in furtherance of such fraudulent scheme that the name of such vessel was changed from Alacran to Caribe, which change was registered in the Custom and Port Officials of Barranquilla, Colombia on or about March 4, 1948.

This amended and supplemental libel by way of a plea in the alternative alleges that the corporation Compania Colombiana Del Caribe is indebted unto the corporation Compania Transmaritima Colombiana for the full purchase price of said steamship Alacran now known as the steamship Caribe or a substantial part thereof.

Process with clause of foreign attachment was issued under the prayer contained in the amended and supplemental libel on March 8, 1948, which was executed on March 8, 1948 on Captain John Bowie as Master of the vessel Caribe and by taking into official custody the vessel Caribe, her engines, et cetera.

The respondents, Compania Transmaritima Colombiana and Compania Colombiana Del Caribe, filed their answers on June 11, 1948, denying all allegations contained in amended and substituted libel and in support of such denial have filed affidavits.

On August 16, 1948, the respondent Compania Colombiana Del Caribe, upon notice, filed motion to vacate and discharge attachment on steamship Caribe and for an order

dismissing the amended and supplemental libel filed herein on March 8, 1948, there being attached to such motion an affidavit of one of the proctors for respondents.

This action is now before this Court on the above motion to vacate and discharge the attachment on the vessel Caribe and for an order dismissing the amended and supplemental libel filed March 8, 1948, upon the grounds of non-jurisdiction and failure of libel to allege facts sufficient to support libelants' cause of action.

The motion to discharge levy of attachment and to dismiss amended and supplemental libel, which is supported by affidavit, will be treated as a motion for summary judgment under rule 12(b) of the Federal Rules of Civil Procedure, as recently amended, 28 U.S.C.A.

## Finding of Facts

The liability of the respondent, Compania Transmaritima Colombiana, commenced upon its failure to deliver the shipment of rice to the ports of Santiago de Cuba and Cienfuegos, Cuba. Its vessel Cali which contained the shipment in question was beached on the Island of Grand Cayman on January 17, 1948, resulting in that such rice was never delivered at either of the two designated ports. After the beaching of the vessel Cali, and prior to the filing of this libel proceeding, and in the latter part of February, 1948, certain individual citizens and residents of the Republic of Colombia organized and created under the laws of the Republic of Colombia a corporation designated as "Compania Colombiana Del Caribe."

Some, but not all, of the stockholders of the corporation Compania Transmaritima Colombiana were stockholders in the corporation, Compania Colombiana Del Caribe, and likewise the designated managing officers of the two corporations were different persons, other than Walter Keene acting as Chairman of the Board of Directors of both incorporated companies.

Prior to February, 1948, the date of the creation of the corporation Compania Colombiana Del Caribe, the corporation Compania Transmaritima was the registered owner under the laws of the Republic of Colombia of a vessel named Alacran.

After the incorporation of Compania Colombiana Del Caribe and on February 25, 1948, the vessel Alacran was sold and tranferred from the corporation Compania Transmaritima Colombiana to the corporation Compania Colombiana Del Caribe. Thereafter and on March 4, 1948, the vessel Alacran was changed to the name of Caribe and under that name was registered in the office of administration of customs of Barranquilla and in the republic of Colombia under the ownership of Compania Colombiana Del Caribe. An attested copy of certificate of registry has been filed as an exhibit herein.

The vessel Caribe from and after date of registration and up to the time of levy under the attachment proceedings of March 8, 1948, had been operated by the corporation Compania Colombiana Del Caribe.

Libelants' claims are a direct obligation of the corporation Compania Transmaritima Colombiana and in view of the corporation Compania Colombiana Del Caribe not being in existence prior to February, 1948, and of its not being in existence until more than thirty days after the beaching of the vessel Cali, there cannot be any liability existing against the Compania Colombiana Del Caribe unless a right of action based upon one of two facts exists, the first of which is, if the one corporation is merely a fictitious entity for the other or if either are alter ego for the other, then upon such fact being established, any assets of either could be reached by libelants in satisfaction of their claims, and the other right of action would be if the corporation Del Caribe had in its custody or control any property or assets belonging to the corporation Transmaritima Colombiana, then such property or assets could be sequestered to the payment of libelants' claims.

There is no charge contained in libelants' complaint which charges any contractual or maritime liability against the corporation Del Caribe, libelants' claim against this corporation being founded entirely on the relations existing between the two corporations from and after the breach of carriage committed by the cor-

poration Compania Transmaritima Colombiana.

Respondents' motion to dismiss levy of attachment on the vessel Caribe is based upon two questions of law:

First, that this Court lacks jurisdiction to inquire into or determine any relations existing or transactions carried out between the two corporations in view of the fact that same were completed in and under the laws of the Republic of Colombia and therefore the determinative authority over such acts and transactions are governed solely by the laws of the Republic of Colombia.

Second, that the cause of action, out of which the attachment of the vessel Caribe was issued, fails to allege any fact or cause constituting an act of transportation of commerce by sea and therefore such action against the corporation Del Caribe is not of a maritime nature and does not come within the jurisdiction of an admiralty court.

■ It is a well recognized rule which limits the jurisdiction of admiralty courts to maritime subjects and maritime subjects are those which pertain to transportation by sea or those which relate to navigation, maritime employment, or commerce on navigable waters.

If this controversy concerned only the liability or non-liability of the respondent Transmaritima Colombiana for the loss of the rice referred to and as set forth in the original libel, there would be no question as to the admiralty nature of such controversy.

However, the amended and supplemental libel includes another corporation, the Del Caribe, as a respondent, without any charge or allegation connecting the corporation Del Caribe with any contract or act pertaining to the shipment or loss of the rice referred to. The only charge made against the corporation Del Caribe is to the effect that the corporation Del Caribe was organized after the time of the loss of the rice and for the purpose of carrying out a fictitious plan to defraud libelants and to avoid the solvency and enforcement of their claims against the corporation Transmaritima Colombiana.

The above charge is the only cause of action alleged against the corporation Del Caribe and therefore the only issue pending under such charge which presents the question as to whether any of such alleged acts if inquired into would develop any fraudulent or fictitious plan, and if so, what power or jurisdictional authority would a court of admiralty have to engage in such inquiry under the equitable rules of admiralty.

So as to determine the Court's jurisdiction, there must be ascertained whether the claim asserted concerns the transportation, navigation, maritime employment, or commerce on navigable waters.

If a claim does not arise under one or more of the above subjects, then such claim lacks the qualities of being maritime, and a court of admiralty is without jurisdiction.

■ There cannot be any question but that under the contract of shipment as between libelant and respondent Compania Transmaritima Colombiana there exists maritime qualifications, and this Court as a court of admiralty has jurisdiction.

A different question in reference to jurisdiction is present under the allegations charged in the libel against the Compania Del Caribe.

It goes without saying that under the amended and supplemental libel no subject of maritime qualification is alleged. The only relief sought is of an equitable nature, that is for the Court to purge the alleged fraudulent acts.

Any equities which may exist in favor of libelants and against the corporation Del Caribe should not be undertaken or inquired into by this Court as a court of admiralty. If any facts are available confirming the charges of fraud, as contained in the amended and supplemental libel, then such development and result should be undertaken in the courts of the Republic of Colombia, and in no event would this Court as a court of admiralty have jurisdiction.

■ The fact that this Court does have admiralty jurisdiction as against the respondent Compania Transmaritima Co-

lombiana does not vest in this Court the power of extending such jurisdiction by including other subjects and of a non-maritime nature with those of a maritime nature. In any event, this Court as an admiralty court has the right to refuse the assumption of such non-maritime jurisdiction and under such rule this Court does refuse to maintain jurisdiction and to pass upon or inquire into any alleged scheme or device which may exist or may have been entered into between the two respective respondents in the Republic of Colombia.

Under this ruling it must be held that the vessel Caribe levied on under the attachment issued on the amended and supplemental complaint was at the time of such levy the property of the incorporated respondent Compania Colombiana Del Caribe, and by reason thereof the levy of attachment on the vessel Caribe is hereby discharged and such vessel released therefrom. However, the respondent, Compania Colombiana Del Caribe, was likewise proceeded against in the complaint as being indebted and of having in its possession and under its control certain funds and personal property of the respondent Compania Transmaritima Colombiana. The Marshal's return shows that there was levied on as the property of the Transmaritima Colombiana corporation "some gear, hoists, winches, etc., from the M/V Cali." Therefore the only response which the respondent Compania Colombiana Del Caribe will be compelled to make is that of garnishee and as such to disclose any and all funds, indebtedness, money, or property of which it as such garnishee owes or has in its possession belonging to the respondent Compania Transmaritima Colombiana.

Proctors for respondents will prepare an order discharging levy of attachment on the vessel Caribe with such other proper orders conforming to the opinion of this Court.

The Court in its conclusions of facts and law has adopted the decisions expressing the laws which are applicable to the facts in this case and in applying those announcements to the ruling of this Court hereby recognize the following decisions as being the law of this case: The Ada, 2 Cir., 250 F. 194; Yone Suzuki & Co. v. Central Argentine Ry., D.C., 19 F.2d 645; Yone Suzuki v. Central Argentine Ry., 2 Cir., 27 F.2d 795–806; Kingston Dry Dock Co. v. Lake Champlain Transp. Co., 2 Cir., 31 F.2d 265.

### On Motion for Rehearing

This action is now before this Court on motion of libelants for a rehearing upon the Court's findings filed herein on September 20, 1948, libelants claiming that such findings contain errors of law and such claimed errors are itemized by nine separate paragraphs.

In reference to paragraph one, "that the Court erred in treating respondent's motion as a motion for summary judgment under Rule 12(b) of the Federal Rules of Civil Procedure," libelants are correct in this contention, and the Court's application of the Federal Rules of Civil Procedure was incorrectly used and referred to. However, such misapplication or reference to the Federal Rules does not change the Court's reasons for directing the vacating of the attachment against the vessel Caribe, which reasons will be later referred to.

Items 2 and 3

The motion on which the Court acted was filed herein on March 15, 1948, and such motion sought the dismissal of the libel and amended libel and the vacating of the attachment on the vessel Caribe.

In the case of United States v. Specified Quantities of Intoxicating Liquors, 7 F.2d 835, 836, the Second Circuit Court of Appeals through Judge Haugh said: "It is enough to hold as we do, that, either at law or in admiralty, the validity of an attachment or propriety of a seizure in rem can always be raised by a motion to vacate. The practice is elementary. Therefore it was proper to move to vacate this seizure."

The above authority disposes of the grounds contained in paragraphs 2 and 3.

Items 4 and 5

As to paragraphs 4 and 5 relative to the statements contained in affidavit of proctor for respondent, this affidavit with

five exhibits were filed March 15, 1948, and were filed in support of motion to dismiss amended libel and for vacating attachment.

Under section 456, page 283, of Benedict on Admiralty (Sixth Edition) the author states: "In case a motion is resorted to, the facts must be brought before the Court by affidavits or by proper reference to the pleadings, depositions or other documents."

In 11 Fed.Cas. No. 6,096, The Harriet, a motion was made that libelants be required to file additional security for costs. This motion was opposed, upon the ground that the affidavit upon which the motion was based was made by the proctor and not by claimant. The Federal District Court of New York through Judge Betts said: "The courts of law, as a general rule, require affidavits to the merits of a cause, and in those instances, where the diligence and good faith of a party are in question, to be made by the party himself. Still the rule in those cases is not inflexible, for the deposition of an attorney or other person, may be substituted, when good cause is shown for the change. Sullivan v. Magill I.H.B1 637; Peake 97; Geib v. Icard, 11 Johns., [N.Y.,] 82; Roosevelt v. Dale, 2 Cow., [N.Y.,] 581; Chase v. Edwards, 2 Wend., [N.Y.,] 283. In strictness, the principle upon which the affidavit of the actual party is demanded would scarcely apply to proceedings in admiralty courts, as the proctor there, for many purposes, is in fact dominus litis, clothed with all the authority, and bearing the responsibilities of the party himself. Clarke Praxis Adm. tits. 7, 48, 51; Betts, Adm. 10. Although, by the rules of this court, its practice is assimilated to that of the supreme court of the state upon questions which it has not specifically provided for, yet that would not change essentially the features of admiralty practice, when variant from that of the common law. But I think, in this case, it is in consonance with the established course of law courts to allow affidavits, on motions incidental to a cause, and when the facts cannot be supposed to rest peculiarly in the knowledge of the party, to be made by attorneys and proctors. 2 Wend., [N.Y.,] 283. This is the invariable course in courts proceeding ac-

cording to the civil law, the source of the admiralty practice, without reference to any special functions of a proctor differing from a mere attorney."

In the case of Burlew Hardware Co. v. City of Spencer, 99 W.Va. 44, 127 S.E. 727, the Supreme Court of Appeals of West Virginia through Judge Woods as reported in 127 S.E. 727 said: "An affidavit is not a pleading in which allegations of conclusions of fact may be permissible; on the contrary, it is a statement of fact from which judicial conclusions may be drawn. McLaughlin v. McCann, 123 App.Div. 67, 107 N.Y.S. 762. The court looks to the affidavit to ascertain whether the facts appear that are essential to give the court jurisdiction to order the parties named in the affidavit to interplead. The plaintiff, of course, has the right to challenge the sufficiency of the affidavit by objection or motion to quash, and the court's action thereon is reviewable on appeal, not on certificate."

Proctors for libelants at no time offered any objection to the filing of the affidavit in question and neither was there filed a motion to quash and the statements contained in the affidavit were not controverted.

Where an affidavit is filed and opposing counsel does nothing to test its competency, or to controvert such statements, their acquiesence should by all legal reasoning amount to an admission of all statements of fact contained in that affidavit.

The common law rules of evidence are not strictly followed or applied in courts of admiralty, and a court of admiralty is privileged to exclude such parts of the evidence that are incompetent and irrelevant and may accept the remainder.

Comparing the allegations contained in supplemental libel with the statements set forth in the affidavit, it is apparent that the statements in the affidavit are no more than admissions or confirmations of the facts alleged in supplemental libel.

For the purpose of passing on respondents' motion to vacate the attachment herein, if the affidavit of Charles Ramirez as proctor for respondent would be disregarded in its entirety and if the Court

would confine its consideration alone to the allegations contained in the record, such allegations are sufficient to support the Court's order of sustaining respondents' motion to vacate the attachment.

Accepting the allegations contained in libelants' complaint and supplemental complaint as true, we have the following alleged facts:

"The contract of affreightment was between libelants and the corporation, Compania Transmaritima Colombiana, for delivery of cargo by the vessel Cali (which, for brevity, this corporation will be hereafter referred to as the 'Corporation Cali'). This vessel and cargo was lost January 17, 1948 and delivery was never completed.

"Between January 17, 1948 and March 1, 1948 the 'Corporation Caribe' was organized under the laws of the Republic of Colombia.

"On March 7, 1948 libelants instituted this proceedings against the 'Corporation Cali' seeking recovery for such loss with order of foreign attachment.

"On March 8, 1948, a supplemental and amended libel was filed making the corporation Compania Colombiana Del Caribe a party respondent. (For the purpose of brevity this corporation will be referred to as 'Corporation Caribe.')"

By this supplemental libel it was alleged that:

"On March 4, 1948 there was organized under the laws of Colombia a corporation known as 'Compania Colombiana Del Caribe.'

"That the 'Corporation Caribe' appeared before the customs and port officials of Barranquilla, Colombia, on or about March 4, 1948, and petitioned to have the name of the vessel Alacran changed to Caribe and further petitioned to have the Alacran register changed accordingly and a new register was issued for said steamship Alacran by said Colombian officials in which said vessel was designated the steamship Caribe."

Libelants here admit the incorporation of the "Corporation Caribe" and of its being incorporated under the laws of Colombia and the transfer of the vessel Caribe having been completed under the laws of the Republic of Colombia. The only attack on such incorporation and transfer is that such incorporation and transfer was:

"A. An attempt to divest itself of its property and assets and particularly the steamship Alacran in fraud of libelants' rights.

"B. That the 'Corporation Caribe' was organized by the directors, officers, and stockholders of the 'Corporation Cali' and no monies were paid into its treasury for the issuance of the stock thereof, if any stock were actually issued.

"C. That the attempted transfer of the steamship Alacran from the 'Corporation Cali' to the 'Corporation Caribe' was not for a real or valuable consideration and no equitable price was paid therefor,

"D. and such transfer was fictitious and an attempt to defraud libelants of their rights."

■ No allegation is made that the vessel Alacran was ever transferred, but the libel does state that "said attempted transfer was wholly fictitious and an attempt to defraud libelants of their rights." The above allegations, if conceded to be true, are insufficient to state a cause of action in admiralty. Perhaps it was the intention or purpose of such pleading to make a creditors bill, but even then libelants have failed to state sufficient facts to constitute a creditors bill against respondent, the "Corporation Caribe." A creditors bill is not maintainable until after a judgment is rendered and an execution issued on such judgment and a return of no property found.

■ In view of the fact that the "Corporation Caribe" was organized under the laws of the Republic of Colombia, and the entire transaction of sale and transfer of the vessel Caribe was conducted and completed under the laws of Colombia, then the law of Colombia must be looked to and applied in determining whether such corporation was organized to perpetrate a fraud on libelants or whether the transfer of the vessel Caribe was so fictitious as to amount to a fraud against libelants. If a fraudulent scheme or transaction was car-

ried out and completed under the laws of that foreign government, then the jurisdiction for setting aside such transaction remains in that foreign jurisdiction. In any event, this Court as one of admiralty does not have jurisdiction to inquire into the validity of such alleged acts.

Both the pleading and exhibits establish that title to vessel Caribe had passed to the "Corporation Caribe." (See certificate of Registry No. 29 filed as exhibits on March 15, 1948, and affidavit of John Bowie as Master of the vessel filed March 15, 1948).

Until a judgment is directed by some court of competent jurisdiction adjudging the transfer of the vessel Caribe to be a fraudulent transaction and thereby annulling such transfer, there is nothing left for this Court to order other than to hold that the vessel Caribe is the property of the "Corporation Caribe" and by reason of such ownership is not subject to the foreign attachment levied herein on the vessel Caribe.

One of the first essentials for a plea in admiralty is an allegation of facts sufficient to establish jurisdiction. Jurisdiction in admiralty must be affirmatively shown on the face of the libel, and it is not sufficient that it may be inferred argumentatively from the averments as no presumption arises in favor of the jurisdiction of a federal court. El Oriente, D.C., 5 F.2d 251; California-Atlantic S. S. Co. v. Central Door & Lumber Co., 9 Cir., 206 F. 5.

Looking to the supplemental plea by which the "Corporation Caribe" was brought into court and under which the process of foreign attachment was issued and levied on its property, we find not one jurisdictional fact alleged which may confer jurisdiction on this court for a proceeding in admiralty.

The only attempt to allege any jurisdictional facts are those allegations contained in paragraph 1 of the supplemental and amended libel which is as follows: "Libelants reiterate and reallege all of the allegations contained in Article I through VIII inclusive of the original libel; wherever reference is made to 'respondent' in the allegations contained in said articles, said reference is to respondent 'Compania Transmaritima Colombiana, S. A.'"

Such a reference is contrary to all rules of pleading whether in common law or admiralty, and a defendant being proceeded against is only answerable to the specific charges contained in that particular pleading under which such process was issued. Such defendant is not compelled to seek other information or facts other than those contained in that complaint and particularly so in admiralty where a copy of such complaint is served on the respondent.

This Court is of the opinion that the above quoted allegations are not sufficient to avoid a necessary allegation to be contained in the supplemental and amended libel, and therefore the motion to dismiss which was sufficient to test the lack of jurisdictional facts was sustained. Metropolitan S. S. Co. v. Pacific-Alaska Nav. Co., D.C., 260 F. 973.

It is thereby ordered that the libelants' motion for rehearing be and the same is hereby overruled with exceptions to libelants, and the order heretofore tendered on September 27, 1948, will be amended and entered on November 10, 1948, and said order when so amended shall further provide that the execution and enforcement of the above order is hereby stayed for a period of ten days from and after entry of this order under Admiralty Rule 31 of this Court.